UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CFCU COMMUNITY CREDIT UNION,

                                        Appellant,

            v.                                                    6:07-CV-00341
                                                                      (LEK)

MARK W. SWIMELAR, *Chapter 13 Trustee*,
GLEN E. BRICKEY, and MARY I. BRICKEY,

                                        Appellees.

_____


#### MEMORANDUM-DECISION AND ORDER[1]

            Appellant CFCU Community Credit Union ("Appellant" or "CFCU") appeals the

Bankruptcy Court's March 1, 2007 Order declining to dismiss Appellee Mary Brickey's ("Appellee" or

"Brickey") Chapter 13 Bankruptcy case on the ground that she failed to timely file the necessary

payment advices.

### I.  FACTS

            The underlying facts are not in dispute.  Appellee Mary Brickey commenced a Chapter 13

proceeding on October 30, 2006.[2]  Upon filing the Petition, Brickey filed six months of payment advice

information covering the period from April 2006 to September 2006.  However, Brickey did not file

payment advice statements for the period of September 21, 2006 to October 30, 2006.  Under 11

U.S.C. § 521(a)(1)(B)(iv), a debtor must file copies of all payment advices received in the sixty (60)

days prior to filing a bankruptcy proceeding.

_____

            [1] **For printed publication by the Federal Reporters.**

            [2] Brickey's Chapter 13 Plan called for a dividend of 84% to unsecured creditors.  Brickey
    had been making the necessary payments since November 2006.

On December 19, 2006, fifty (50) days after the Petition was filed, Appellant moved pursuant to 11 U.S.C. § 521(i)(2), for an order dismissing Brickey's Petition due to her failure to timely file the required payment advices.  On December 21, 2006, Brickey and the Chapter 13 Trustee filed a joint Motion, pursuant to 11 U.S.C. § 521(i)(4), requesting that the Bankruptcy Court decline to dismiss the case.  The grounds asserted in support of the Motion were that the failure to file the necessary payment advices was inadvertent, that Brickey attempted to file the necessary information in good faith, and that the best interests of the creditors would be served by continuing the case.  Also on December 21, 2006, Brickey filed the missing payment advices.

By Order dated March 1, 2007, the Bankruptcy Court granted the joint Motion requesting that the court decline to dismiss the case.  The Bankruptcy Court found that the Trustee had timely filed the Motion pursuant to § 521(i)(4), that Brickey had made a good faith attempt to file the payment advices, and that the best interests of the creditors would be served by allowing the case to proceed.

Appellant now appeals the March 1, 2007 Order on the grounds that the Bankruptcy Court erroneously concluded that Brickey made a good faith attempt to file the payment advices and that the Bankruptcy Court erroneously concluded that § 521(i)(4) allows the court to re-open a case upon a motion of the trustee within five days of when an interested party had made a request for automatic dismissal pursuant to § 521(i)(2).

## II.  STANDARD OF REVIEW

Bankruptcy Rule 8013 provides, inter alia, that a bankruptcy court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." FED. R. BANKR. P. 8013; see R.M. 18 Corp. v. Aztex Assocs., L.P (In re Malease 14FK Corp.), 351 B.R. 34, 40 (E.D.N.Y. 2006).  A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is

left with the definite and firm conviction that a mistake has been committed." United States v.

Mitchell, 966 F.2d 92, 98 (2d Cir. 1992).  A bankruptcy court's legal conclusions are subject to a de

novo review.  Capital Communications Fed. Credit Union v. Boodrow, 126 F.3d 43, 47 (2d Cir. 1997).

Matters left to the discretion of the bankruptcy court are reviewed for an abuse of discretion.  Id.


### III.  DISCUSSION

**A.  Statutory Interpretation**

**1.  Language of 11 U.S.C. §§  521(i)(1), (2), & (4)**

This case presents an issue of statutory interpretation.  Unfortunately, 11 U.S.C. § 521(i)

suggests incongruous results.[3]  Section 521(i) reads as follows:

> (i)(1) Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.
>
> (2) Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 5 days after such request.
>
> (3) Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.
>
> (4) Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

---

[3] For a poetic explanation of the problems created by the manner in which § 521(i) was drafted, see In re Riddle, 344 B.R. 702 (Bankr. S.D. Fla. 2006).

Thus, pursuant to § 521(i)(1), if a debtor fails to file all the necessary information (including payment advices) required by § 521(a)(1)(b), a Chapter 13 case is "automatically dismissed effective on the 46th day after the date of the filing of the petition." 11 U.S.C. § 521(i)(1). This does not end the analysis, however, because § 521(i)(1) is expressly made "[s]ubject to paragraphs (2) [11 U.S.C. § 521(i)(2)] and (4) [11 U.S.C. § 521(i)(4)]." 11 U.S.C. § 521(i)(1).[4] Accordingly, the automatic dismissal in § 521(i)(1) is conditional upon the non-occurrence of the events specified in § 521(i)(2) or § 521(i)(4).[5] Stated otherwise, if a debtor fails to comply with § 521(a)(1)(b), the case is automatically dismissed *unless* paragraphs (2) or (4) apply. Id.

Paragraph (2) allows an interested party to request a court order dismissing the case by reason of the debtor's failure to comply with § 521(a)(1)(b). 11 U.S.C. § 521(i)(2). The statute does not specify a time limit within which such a request must be made. Id. This paragraph also is made "[s]ubject to paragraph (4)." Id.

Under paragraph (4), a trustee may file a motion to avoid dismissal. Such a motion must be "filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3). . . ." If such a motion is made, the court "may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of the creditors would be served by administration of the case."

In this case, Brickey did not file all the required payment advices. Accordingly, unless § 521(i)(2) or § 521(i)(4) applies, § 521(i)(1) required that the case be automatically dismissed on the

---

[4] In this Order, "paragraph (1)" refers to 11 U.S.C. § 521(i)(1); "paragraph (2)" refers to 11 U.S.C. § 521(i)(2); "paragraph (3)" refers to 11 U.S.C. § 521(i)(3); and "paragraph (4)" refers to 11 U.S.C. § 521(i)(4).

[5] Section 521(i)(1) says that it is "subject to" paragraphs (2) and (4). To be "subject to" paragraphs (2) and (4) means that paragraph (1) is conditional upon the latter paragraphs. See The Random House Dictionary of the English Language at 1415 (1979) (defining "subject" as "dependent or conditional upon something (usually followed by *to*)."); see also Oxford Online Dictionary (defining "subject" as "[d]ependent upon a certain correcting or modifying condition; conditional upon. . . .").

forty-sixth day after the petition was filed.  The issue of statutory interpretation arises because

Appellant requested relief under § 521(i)(2) and, thereafter, the Chapter 13 Trustee file a motion under

§ 521(i)(4).  Thus, the "subject to" clauses in §§ 521(i)(1) and 521(i)(2) appear to have been implicated

here.  The question before the Court is whether this case was automatically dismissed effective on the

forty-sixth day post-petition; or whether Appellant's request under § 521(i)(2) served to foreclose

operation of the automatic dismissal and to extend the Trustee's time to make a motion under §

521(i)(4).

### 2.  Application of the Statute

Some courts have held that the case is automatically dismissed effective on the forty-sixth

day post-petition and that a subsequent request made pursuant to § 521(i)(2) does not change that

result.  These courts reason that the plain language of § 521(i)(1) provides for an automatic dismissal.

See In re Fawson, 338 B.R. 505, 510 (Bankr. D. Utah 2006); see also Rivera v. Miranda, 376 B.R. 382,

386 (D. Puerto Rico 2007) (and cases cited therein).  The courts also note the potentially problematic

results that follow from a contrary interpretation.

The court in In re Fawson characterized the problem in the following way:

If the case were not dismissed under § 521(i)(1) until a party in interest made a §
521(i)(2) request, then what effect would the automatic dismissal language of §
521(i)(1) have?  None.  The same absurd result would occur were the Court to
find that the phrase "Subject to paragraphs (2) and (4)" found at the beginning of
§ 521(i)(1) required that the Court wait until a party in interest filed a § 521(i)(2)
request before dismissing a case.  Were this the intended procedure, courts would
have cases languishing on their dockets that were "effectively dismissed" on the
46th day.  But trustees might continue to administer the case because everyone is
awaiting a § 521(i)(2) request.  Such an absurd result could not have been what
Congress intended.

338 B.R. at 511.

Another court stated that

> [t]aken literally and in the abstract, section 521(i) creates uncertainty as to whether a Chapter 7 case which may have incomplete documentation is currently proceeding and subject to administration by a trustee and under the jurisdiction of the bankruptcy court, or whether the case has been "automatically dismissed effective on the 46th day after the date of the filing of the petition" because no order appears on the docket. "Section 521(i)(1) does not contemplate any independent action by the Court or any other party-the case is merely dismissed by operation of the statute itself." In re Fawson, 338 B.R. 505, 510 (Bankr. D. Utah 2006). [] [T]he uncertainty of an "automatic dismissal" that has not been confirmed by a court order will not only impact a Chapter 7 or 13 trustee charged with administering and monitoring the case, but also the rights of creditors, and ultimately a debtor's ability to reorganize and obtain a discharge.

In re Tay-Kwamya, 367 B.R. 422, 425-25 (Bankr. S.D.N.Y. 2007).

While this Court recognizes these potential problems arising from the statutory language, the Court ultimately finds that the interpretation suggested by those cases would lead, at times, to unduly harsh results, and possibly runs afoul of due process protections afforded by the constitution. Furthermore, statutory language also suggests § 521(i)(1) is not to be interpreted to entirely preclude a further motion under § 521(i)(2) or § 521(i)(4).

First, as discussed, § 521(i)(1) is made "subject to paragraph[] (2)". Thus, by the plain language of the statute, the operation of the automatic dismissal is conditional upon the non-occurrence of either of the events specified in §§ 521(i)(2) or 521(i)(4). In re Jackson, 348 B.R. 487, 497 (Bankr. S.D. Iowa 2006) ("while it may be difficult to grasp a concept that something called an 'automatic dismissal' is not really automatic, the 'subject to' language in section 521(i)(1) has that very effect."). Accordingly, this Court finds that the harsh consequence of an automatic dismissal has been expressly made conditional upon paragraphs (2) and (4) of the statute.

Second, § 521(i)(2) allows a party in interest to request an order of dismissal and requires the Court to issue such an order within five days of the request. If, however, the case was already automatically dismissed, such an order would be of no force or effect. "If the case had already been 'automatically dismissed,' this language [of § 521(i)(2)] would be mere surplusage." In re Parker, 351

B.R. 790, 801 (Bankr. N.D. Ga. 2006); see also Babbitt v. Sweet Home Chapter of Cmtys. for a Great

Or., 515 U.S. 687, 698, 115 S. Ct. 2407 (1995) (applying cannon of interpretation disfavoring readings

of statutes that render statutory language surplusage); United States v. Martinez-Santos, 184 F.3d 196,

204 (2d Cir. 1999) (same).

Third, a request under § 521(i)(2) is "[s]ubject to paragraph (4)." Paragraph (4) allows the

Trustee to request that the court *not* dismiss the case. If, in fact, the case had already been

automatically dismissed by virtue of § 521(i)(1), there would be no sense to the language allowing a

motion asking the court to "decline to dismiss the case." 11 U.S.C. § 521(i)(4). A court cannot decline

to dismiss a case that has already been dismissed. Thus, the language § 521(i)(4) suggests that there is

no automatic dismissal under § 521(i)(1) when §§ 521(i)(2) or 521(i)(4) is implicated.

Fourth, if a case is automatically dismissed pursuant to § 521(i)(1) without a court order, then

then essentially the case would be automatically dismissed based on a debtor's failure to file required

documents before there has been a judicial determination that the debtor has, in fact, failed to file those

documents. This is problematic, particularly because there is no specified way for a trustee to move for

reconsideration of the automatic dismissal, and no assurance that the debtor would even know that the

case had been dismissed. See In re Parker, 351 B.R. at 801 ("interpreting 'automatic dismissal' to

mean that a case ceases to be pending by the mere passage of time without a court order of dismissal

does not further the purposes of the statute and may cause chaos and confusion since there is no readily

ascertainable way to determine whether or not a case has been dismissed."). This could raise due

process concerns.

All of these issues suggest the statute requires judicial oversight of a § 521(i) dismissal and a

court order for dismissal to be effectuated. See In re Parker, 351 B.R. at 801 ("The determination of

whether a debtor has 'filed all the information required under subsection (a)(1)' must be made by the

judge - it is not a ministerial act.  A review of the docket will not, for example, necessarily inform as to whether debtor received pay advices during the requisite period.").  Specifically, the Court interprets the statute as follows: if a debtor fails to provide the information required by § 521(a)(1)(B) within forty-five days after the filing of the petition, the case shall be dismissed, "subject to," or conditional upon, either a request for a dismissal order under § 521(i)(2), or a timely motion by the trustee under § 521(i)(4).  The Court reads the statute to provide that after the forty-fifth day post-petition, upon satisfying itself that there has been non-compliance with § 521(a)(1), a court may issue a dismissal order on its own initiative under § 521(i)(1).  Such a *sua sponte* dismissal order would give effect to the statute's requirement of an automatic dismissal.  Because a court order will be entered into the docket, the parties would have notice of the court's action and an opportunity to move for reconsideration or take an appeal.[6]  This reading takes into account all the requirements and language of § 521(i)(1).[7]

Furthermore, if a court has not dismissed the case on its own initiative, pursuant to § 521(i)(1), an interested party (including the Chapter 13 Trustee, creditors, or the debtor) may request an order of dismissal pursuant to § 521(i)(2).  If such a request is made, a condition specified in § 521(i)(1) has occurred, thereby precluding a § 521(i)(1) "automatic dismissal."  A diligent party may make a § 521(i)(2) request on the forty-sixth day post-petition.  The statute then requires the court to determine whether the motion is proper and, if so, to issue an order of dismissal within five days after the § 521(i)(2) request.  Accordingly, the statute provides a mechanism to avoid the extreme results

---

[6] Although the effective date would be retroactive to the 46th day post-petition, to ensure due process of law, the time for filing a motion for reconsideration or an appeal would run from the date of entry of the order of dismissal.

[7] This interpretation may appear to pose conflict with the statute's requirement of an "automatic dismissal." The Court finds that there is no actual conflict.  If a court reviews the case on its own and finds non-compliance with § 521(a)(1), it must dismiss the case.  Thus, the dismissal is automatic.  Where there is compliance with § 521(a)(1), there can be no dismissal.  If §§ 521(i)(2) or 521(i)(4) are implicated, the "automatically dismissed" language is no longer applicable because the application of the automatic dismissal is made subject to those other paragraphs.  See In re Jackson, 348 B.R. at 497.

identified in <u>In re Fawson</u>, in which cases could languish on the court's docket.  Provided that the court

is satisfied that the debtor has not timely filed the requisite § 521(a)(1) documents, and the trustee has

not made a timely § 521(i)(4) motion,[8] the court is *required* to grant the request for dismissal.  In this

regard, the court has no discretion over the matter and, thus, dismissal is "automatic."  See <u>In re</u>

<u>Calhoun</u>, 359 B.R. 738, 740 (Bankr. E.D. Mo. 2007).

     Even if the debtor requests an extension of time, or the trustee moves pursuant to §

521(i)(4), a court's discretion is restricted by the statute.  For example, a court has limited ability to

grant extensions of time.  A debtor may only request an extension of time of a maximum of forty-five

(45) days.  11 U.S.C. § 521(i)(3).  Such a request must be made within the initial forty-five (45) day

period.  <u>Id.</u>  If the proper filings are not made within this time or an extended § 521(i)(3) deadline, or

the trustee does not make a § 521(i)(4) motion, the case must be dismissed.  The court has no

discretion to allow the debtor to cure the deficiency, but rather, must dismiss the case.  The courts do

not retain equitable powers to re-open the case or allow the debtor to otherwise cure any deficiencies.

<u>Rivera</u>, 376 B.R. at 387.

     Moreover, the statute imposes time restrictions upon the filing of a § 521(i)(4) motion.

Section 521(i)(4) states that the trustee must file such a motion "before the expiration of the applicable

time period specified in paragraph (1), (2), or (3). . . ."  This language makes it clear that there are three

time periods at issue.  Paragraph (1) (§ 521(i)(1)) provides for a forty-five day time period.  Thus,

absent any requests for an order under § 521(i)(2) or extensions of time under § 521(i)(3), the motion

must be filed within 45 days of the filing of the petition.  Paragraph (3) (§ 521(i)(3)) provides for an

extended period of up to forty-five days to supply the § 521(a)(1) information.  Therefore, if a request

---

[8] Section 521(i)(2) is specifically made "[s]ubject to paragraph (4)."  11 U.S.C. § 521(i)(2).  Paragraph (4)
allows the trustee to request that the court to decline to dismiss the case in certain limited circumstances.  11 U.S.C. §
521(i)(4).

is made and granted under § 521(i)(3), the trustee's motion must be made within this newly extended period of time. The only time specified in paragraph two (§521(i)(2)) pertains to the requirement that the court enter an order of dismissal within five days after the request for such an order. Thus, if an interested party makes a request for an order, the trustee must make a § 521(i)(4) motion within five days of the request. It, therefore, follows that the trustee may file a § 521(i)(4) motion within the longer of: (1) 45 days after the filing of the petition; (2) any extended period of time under § 521(i)(3) (not to exceed 45 days); or (3) five days after the filing of a request under § 521(i)(2).

In summary, the statute provides for a few limited ways in which dismissal may be avoided after failure to comply with § 521(a)(1). Through the procedures provided by this interpretation, there is court oversight of dismissals; interested parties have a procedure by which they can obtain a timely decision as to whether a debtor has complied with § 521(a)(1); the parties have notice that a case is subject to dismissal pursuant to § 521(i)(1); debtors have an opportunity to be heard whether they have, in fact, failed to comply with § 521(a)(1) before a dismissal order is entered; the trustee has an opportunity to file a motion asking that the court not dismiss the case; cases are only dismissed when there has been a judicial determination of non-compliance with § 521(a)(1); and the court has limited grounds upon which to avoid dismissal for non-compliance.[9] See In re Jackson, 348 B.R. 487, 497-500 (Bankr. S.D. Iowa 2006).

Here, Appellant filed its § 521(i)(2) request on December 19, 2006. Because the Trustee filed its § 521(i)(4) motion on December 21, 2006, within five days of December 19, 2006, the motion

---

[9] Although courts have raised concern that this approach allows cases to languish, see In re Hall, 368 B.R. 595, 598 (Bankr. W.D. Tex. 2007), such a result can easily be avoided by the making of a request under § 521(i)(2). Such a request can be made by any interested party, including the trustee or the debtor. Id. at 600; In re Giacoma, 2007 WL 2916297 (Bankr. D. Utah 2007). If interested parties monitor the case, they will be in a position to make a prompt § 521(i)(2) request. If such a request is made, the Court must act on the request within 5 days. 11 U.S.C. § 521(i)(2). Thus, Congress included a simple mechanism to avoid these very problems.

was timely.  Accordingly, upon *de novo* review, the Court affirms the Bankruptcy Court's

determination that the Trustee made a timely motion under § 521(i)(4).

## B.  Good Faith Requirement

The remaining issue raised on appeal is whether the Bankruptcy Court properly concluded

that the Trustee met his burden of establishing that Brickey attempted in good faith to file the payment

advice statements.  When a trustee brings a § 521(i)(4) motion, the court may decline to dismiss the

case only if it finds that: (1) the debtor attempted in good faith to file all the information required by

subsection (a)(1)(B)(iv); and (2) the best interests of creditors would be served by administration of the

case.  Appellant does not take issue with the Bankruptcy Court's determination that the non-dismissal

of the case was in the best interests of the creditors.  Accordingly, this Court need not review that issue.

Appellant argues that the "good faith" requirement has not been satisfied because "Ms.

Brickey made no attempt to file the missing payment advices until after the 45 day period had run."

Appellant's Br. (Dkt. No. 5) at 8.  Appellant argues that "there can be no good faith attempt unless

there is first an attempt.  Here there was no attempt to file Ms. Brickey's last two payment advices

because [her] counsel misunderstood the legal requirement to do so."  Id.

There is an insufficient basis in the record upon which to conclude that Brickey did not act

in good faith to attempt to file all information required.  Appellant's view would preclude relief under

§ 521(i)(4) any time a debtor fails to file a payment advice under the mistaken belief that such advices

were not required.  However, a mistaken belief that something is not required to be done does not

negate the possibility that efforts of compliance were undertaken in good faith.

Here, the evidence concerning the failure to file the missing payment advices consists of an

affidavit from Brickey's attorney stating that the "last two pay statements in the month of October,

2006" were not filed "[d]ue to an inadvertent error by counsel." Dec. 21, 2006 Tamburrino Affirm. (Dkt. No. 5, Attach. 1) at 23 ¶ 3.  It appears that counsel's error consisted of confusing of the payment advices requirement with the requirement for calculation of current monthly income.  See Tamburrino December 20, 2006 letter (Dkt. No. 2, Attach 6) at 1.  It, therefore, follows that Brickey did make a good faith effort to file the necessary payment advices.  She attempted to file all payment advices she believed were required.  Id.  The record evidence further reveals that Brickey filed many pay advices along with her petition and that her pay did not vary from pay period to pay period.  The Schedule I she submitted demonstrates that she was still employed and that there were no anticipated changes in income.  Moreover, there is no indication that Brickey was aware of her failure to file all necessary advices until Appellant sent a letter to the Bankruptcy Court identifying the deficiency in his request for dismissal.  Upon learning of the deficiency, Brickey immediately filed the missing payment advices.  As Appellant conceded in opposition to the Trustee's §521(i)(4) motion, "Ms. Brickey may have inadvertently and unintentionally neglected to file two payment advices. . . ." Jan. 3, 2007 Crossmore Aff. (Dkt. No. 2, Attach. 8) at ¶ 12.  Thus, there is no evidence in the record that Brickey intentionally disregarded her obligations under § 521(a)(1)(B)(iv).  The Court, therefore, finds that the Bankruptcy Court's conclusion that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) is not clearly erroneous.  The Court will not disturb the Bankruptcy Court's determination of this matter.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED,** that the March 1, 2007 Decision and Order of the Bankruptcy Court is

**AFFIRMED**; and it is further

**ORDERED**, that the Clerk shall serve copies of this Order by regular mail upon the parties

to this action.

**IT IS SO ORDERED**.


DATED:     January 18, 2008
           Albany, New York


_____
Lawrence E. Kahn
U.S. District Judge